IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 11-0143
)
TYLON RAMON COUSIN, )
      Defendant. )

MEMORANDUM OPINION

Gary L. Lancaster,                           May __, 2012
Chief Judge.

    This is a criminal action. The government alleges that defendant, Tylon Ramon Cousin, possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The court held a bench trial on May 4, 2012. The court has considered the government's evidence and the arguments of both parties, and is now prepared to issue a verdict.

    For the reasons set forth below, the court finds defendant not guilty of possessing a firearm in furtherance of a drug trafficking crime.

I.   BACKGROUND

    Defendant was indicted on June 28, 2011, in a four count indictment. [Doc. No. 1]. On March 22, 2012, he pled guilty to

Count 2, which charged that he knowingly possessed with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Defendant requested a non-jury trial for Count 4, which charged that defendant possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

A. Stipulated Facts

The following facts are taken directly from the Joint Stipulation of Facts filed by the parties. [Doc. No. 55].

> On January 23, 2009, agents utilized a confidential informant to make a $100 purchase of crack cocaine from the residence of Tylon Cousin. The informant and an unwitting third party went to Cousin's residence. The informant stayed outside. The unwitting third party went inside the residence for a short time and then returned with $100 worth of crack cocaine. Laboratory analysis confirmed that it was 1.1. grams of crack cocaine.
>
> Thereafter, the agents conducted several "trash pulls" at that residence (i.e., examining garbage that had been left at curbside for pick-up), resulting in the seizure of evidence indicating illegal drug activity, including plastic baggies with cocaine residue, marijuana stems, and marijuana seeds.
>
> On March 11, 2009, agents executed a search warrant at Cousin's residence. When the agents entered, they found Cousin on the first floor in a room toward the rear of the house. In the bathroom adjacent to that room, agents found a quantity of crack cocaine in a plastic bag that was floating in the toilet. Laboratory analysis confirmed that it was 129 grams of crack cocaine.
>
> Cousin was detained, and the search warrant was executed. Agents seized the following additional evidence: 3 one-gallon sized zip-lock plastic baggies containing marijuana;

2

a digital scale; a plastic measuring cup; an opened box of clear plastic sandwich baggies; and 2 boxes of .40 caliber ammunition.

In the room where Cousin was detained, agents seized a .45 caliber magazine for a handgun and ammunition, a baggie of marijuana roaches (burnt cigarettes), and a small bag of marijuana.

In Mr. Cousin's bedroom on the second floor, agents seized a .40 caliber Glock Model 22 semiautomatic firearm between the box springs and the mattress of the bed in that room.

The total amount of drugs seized on March 11, 2009: 129 grams of crack cocaine, and over 900 grams of marijuana. Tylon Cousin possessed with the intent to distribute that crack cocaine and marijuana.

The parties also stipulated at trial that on March 11, 2009, the day when the search warrant was executed and the firearm was seized, Mr. Cousin was the registered owner of the firearm.

B. Additional Findings of Fact

The following are the court's findings of fact based on the government's testimony and exhibits at trial. Defendant did not present evidence at trial.

While executing the search warrant, agents found a garbage bag containing marijuana, a digital scale, sandwich baggies and a measuring cup in defendant's bedroom on the second floor of the house. [Tr. 10, 12]. The scale, baggies and measuring cup are items typically used to measure and package quantities of marijuana for individual sale. [Tr. at 12]. The garbage bag was approximately two to three feet from the edge of the bed,

3

approximately midway between the head and the foot of the bed. [Tr. at 11, 23].

In the same room, the agent found the .40 caliber Glock Model 22 semiautomatic firearm and boxes of ammunition. [Tr. at 10.] The firearm was equipped with an after-market laser system. [Tr. at 14]. The firearm was located underneath the mattress of the bed, lying on the box spring, on the side of the bed closer to the garbage bag described above. [Tr. at 12; Gov't Exh. 2]. The gun was located near the headboard of the bed. [Tr. at 23]. The gun was loaded with fifteen live rounds of ammunition. [Tr. at 13, 15]. The agent found additional .40 caliber ammunition in the bedroom. [Tr. at 15-16].

Also on the second floor, the agent found another garbage bag containing marijuana on a landing that led to the house's attic. [Tr. at 17-18].

## II. STANDARD OF REVIEW

In order for the court to find Mr. Cousin guilty of possession of a firearm in furtherance of a drug trafficking crime, the government must prove every element of the offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). "Reasonable doubt is . . . a doubt based upon reason rather than whim, possibilities or supposition." United States v. Hernandez, 176 F.3d 719, 728 (3d Cir. 1999). A reasonable

doubt is "the sort that would cause [a person] to hesitate to act in matters of importance in his or her own life." THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 3.06. "It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence." Id.

III. DISCUSSION

For the court to find defendant guilty of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), the government must prove beyond a reasonable doubt:

(1) That defendant committed the crime of possession with intent to distribute cocaine, as charged in Count 2 of the indictment; and

(2) That defendant knowingly possessed a firearm in furtherance of that crime.

THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 6.18.924A.

"Possession 'in furtherance of' means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective" of possession with intent to distribute cocaine. THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 6.18.924A-1.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004). The

5

government must provide evidence specific to the defendant, showing that his possession "actually furthered the drug trafficking offense." Id. (internal quotations omitted). That is, "the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." Id. In determining whether the possession of the firearm was in furtherance of a drug trafficking crime, the following nonexclusive factors, known as the Ceballos-Torres factors, are relevant: (1) the type of drug activity that is being conducted; (2) accessibility of the firearm; (3) the type of the weapon; (4) whether the weapon is stolen; (5) whether possession of the weapon is legitimate or illegal; (6) whether the gun is loaded; (7) proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found. Id. (citing United States V. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)).

Here, defendant has pled guilty to Count 2 of the indictment, which charged him with the crime of possession with intent to distribute cocaine. Count 2 qualifies as a predicate drug trafficking offense for purposes of Section 924(c)(1). See 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime" to include any felony punishable under the Controlled Substances Act, 21 U.S.C. 801 et seq.). In addition, the parties stipulated that defendant "possessed with the intent to

6

distribute . . . crack cocaine and marijuana." [Doc. 55]. Therefore, the court finds that the first element of the offense has been proven beyond a reasonable doubt.

The determination of whether or not the gun was possessed "in furtherance" of defendant's possession with intent to distribute cocaine and marijuana is highly fact-dependent, and the court will review the facts relevant to its analysis of the Ceballos-Torres factors.

The first factor, the type of drug activity being conducted, weighs in the government's favor. Defendant was trafficking both marijuana and crack cocaine, and possessed significant amounts of the drugs. Similarly, the third factor also weighs in favor of the government. The firearm at issue is a semiautomatic handgun, clearly not possessed as a collector's item or for hunting. See, e.g., United States v. Arzola, 361 F. App'x 309, 312-13 (3d Cir. 2009) (nonprecedential) ("[T]he gun was a semi-automatic handgun, not an antique musket nor a hunting rifle."). In addition, the firearm was loaded when it was discovered, satisfying the sixth factor.

The seventh factor, physical proximity between the weapon and drugs or drug profits, requires more detailed analysis. In several cases decided by the United States Court of Appeals for the Third Circuit, this factor has been determinative in the court's decision to uphold a Section 924(c)(1) conviction. See,

e.g., United States v. Loney, 219 F.3d 281, 289 (3d Cir. 2000). Here, the gun was in the same room as a bag of marijuana and drug paraphernalia, and was located within approximately three to five feet of the bag. However, the gun was not stored in the same container or receptacle with, or immediately adjacent to, drugs, drug paraphernalia, or drug proceeds. See United States v. Iglesias, 535 F.3d 150, 157 (3d Cir. 2008) (upholding conviction where gun was found inside a briefcase, along with ammunition and several hundred Ziploc bags, in the same room as methamphetamine); Bressi v. United States, No. 01-407, 2001 WL 395289 at *1-2 (E.D. Pa. April 5, 2001) (upholding conviction where a loaded gun was found in a safe with drugs, drug packaging materials, and cash); United States v. Bass, No. 09-298, 2010 WL 2635795, at *4 (E.D. Pa., June 28, 2010) (denying a motion for judgment of acquittal where one of the legally purchased and registered firearms was found touching a package of marijuana). But see United States v. Basley, 357 Fed. App'x. 455, 462 (3d Cir. 2009) (nonprecedential) (upholding conviction where a stolen, loaded, semi-automatic gun was found on the second floor of a house, not proximate to drugs in the basement). Here, the presence of drugs in other locations throughout the house and the distance between the gun and the bag of marijuana in the bedroom slightly mitigate the fact that the gun was found in the same room as drugs and drug

8

paraphernalia. The court finds this factor to weigh in the government's favor, but notes that the proximity factor is not as strong here as it is in many cases.

The court finds the second factor, the accessibility of the firearm, to be neutral in this case. The gun here was "strategically located", because it was accessible to defendant if he came upstairs to access marijuana. Sparrow, 371 F.3d at 854 (noting that even if "the firearm was not easily accessible, it was strategically located" because it was located together with drugs and money in a floor compartment). Also, a firearm under a mattress on the second floor of the house is not particularly difficult to access. However, defendant did not have the firearm on his person, in the room downstairs where he was arrested, or in an otherwise highly accessible location. See, e.g., United States v. Grey, 352 Fed. App'x. 383, 386 (11th Cir. 2009) (nonprecedential) (upholding conviction where the defendant was the legal owner of the gun, but the gun was found fully loaded and attached to his waistband during a major cocaine transaction).

Other factors favor acquittal. Based on the facts stipulated by the parties, defendant was the registered owner of the firearm. Therefore, his possession of the weapon was legitimate and the weapon was not stolen. Those two factors weigh in favor of defendant. Similarly, the eighth factor, the

time and circumstances under which the gun was found, weighs in favor of defendant. The gun was found underneath a mattress, and the government presented no evidence of instances in which Mr. Cousin, during the course of his drug trafficking activity, carried the gun, displayed the gun, or otherwise made others aware of its existence in a way that might contribute to his drug trafficking activity. Because the government charged defendant under the "possession in furtherance" prong of Section 924(c)(1), rather than under the "uses or carries during and in relation to" prong, the government need not provide evidence of defendant's active use of the firearm in order to prove defendant guilty beyond a reasonable doubt. See Bailey v. United States, 516 U.S. 137, 144 (1995) (construing "use" to required "active employment of the firearm"); Pub. L. No. 105-386, § 1(a)(1), 112 Stat. 3469, 3469 (1998) (amending Section 924 to add the phrase "or who, in furtherance of any such crime, possesses a firearm" in response to the Supreme Court's decision in Bailey). However, this court finds that the circumstances under which the gun was found weigh in defendant's favor, because those circumstances fail to demonstrate how the firearm advanced or assisted in defendant's drug trafficking.

Of course, the Ceballos-Torres factors are merely relevant considerations, not elements of the offense. Sparrow, 371 F.3d at 853. Although some factors weigh in favor of conviction,

10

analysis of the factors has convinced the court that the government has not proven defendant's guilt beyond a reasonable doubt. Considering the entirety of the evidence, the court has a reasonable doubt as to whether defendant's possession of the firearm actually advanced or helped forward a drug trafficking crime, as required by Sparrow. 371 F.3d at 853.

IV. CONCLUSION

For the foregoing reasons, the court finds Tylon Ramon Cousin not guilty of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). An appropriate verdict follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-0143 |
| | ) |
| TYLON RAMON COUSIN, | ) |
| Defendant. | ) |

## VERDICT

As a result of the Bench Trial held on May 4, 2012, and considering all facts in evidence, I find the defendant, Tylon Ramon Cousin, NOT GUILTY of a single charge of violation of 18 U.S.C. 924(c)(1)(A)(i).

BY THE COURT:

_____, C.J.

5/11/12

cc: All Counsel of Record